MARK J. BOURASSA, ESQ. (NBN 7999)
JENNIFER A. FORNETTI, ESQ. (NBN 7644)
VALERIE S. CHRISTIAN, ESQ. (NBN 14716)
JOSEPH P. WALDMAN, ESQ. (NBN 17010)
**THE BOURASSA LAW GROUP**
2350 W. Charleston Blvd., Suite 100
Las Vegas, Nevada 89102
Telephone:      (702) 851-2180
Facsimile:       (702) 851-2189
Email:             *mbourassa@blgwins.com*
                       *jfornetti@blgwins.com*
                       *vchristian@blgwins.com*
                       *jwaldman@blgwins.com*

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| MYA MONTGOMERY, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED PARCEL SERVICE, INC a foreign Delaware Corporation, DOES 1-20, inclusive,<br><br>Defendant. | Case No. 2:25-cv-00151-APG-MDC<br><br>**STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SUBMITTED IN COMPLIANCE WITH LR 26-1(b)** |

### STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER

Under Fed. R. Civ. P. 26(f) and Local Rule 26-1, the parties, through their respective counsel, conducted a telephone conference on February 10, 2024, to generally discuss the claims, and to schedule a discovery planning conference.

Plaintiff's counsel and Defendant's counsel conducted a discovery conference on February 10, 2025, and hereby submits to the Court the following proposed Discovery Plan and Scheduling Order:

**A.     Initial Disclosures**

The parties have agreed to make their initial disclosures by February 24, 2025**.** (14 days)

/ / /

**B.     Areas of Discovery**

The parties believe that the areas of discovery should include, but not be limited to, all claims and defenses allowed pursuant to the Federal Rules of Civil Procedure.

**C.     Discovery Plan**

The parties propose the following Discovery Plan for this matter as it currently stands (for deadlines that fall on a Saturday, Sunday, or legal holiday have been scheduled for the next judicial day):

| Event | Date |
|---|---|
| Discovery Cut-Off Date | **July 23, 2025** (180 days after Defendant's Initial Appearance on January 24, 2025) |
| Amending Pleadings and Adding Parties | **April 24, 2025** (90 days to close of discovery) |
| Initial Expert Designations | **May 27, 2025** (60 days to close of discovery) (Next judicial day) |
| Rebuttal Expert Designations | **June 23, 2025** (30 days to close of discovery) |
| Dispositive Motion Deadline | **August 22, 2025** (30 days after discovery closes) |
| Pretrial Order | **September 22, 2025** (30 days after the dispositive motion deadline unless dispositive motions are filed, in which case the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order) (next judicial day) |

/ / /

**D.   Court Conferences**

If the Court has questions regarding the dates proposed by the parties, the parties request a conference with the court before entry of the Scheduling Order. If the Court does not have questions, the parties do not request a conference with the Court.

**E.   Extensions or Modifications of the Discovery Plan and Scheduling Order**

All motions or stipulations to extend a deadline set forth in this discovery plan shall be received by the Court no later than twenty-one (21) days before the expiration of the subject deadline, must satisfy the requirements of LR 26-3, and be supported by good cause for the extension.

**F.   Alternative Dispute Resolution**

The parties certify that they have met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and the assigned early neutral evaluation.

**G.   Alternative Forms of Case Disposition**

The parties certify that they have considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01).

**H.   Fed. R. Civ. P. 26(a)(3) Disclosures**

Unless the discovery plan otherwise provides and the Court so orders, the disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections to them must be included in the joint pretrial order.

**I.   Electronic Evidence**

The parties certify that they have discussed and intend to present evidence in electronic format to jurors for the purposes of jury deliberations and will ensure that said evidence is in an electronic format compatible with the Court's electronic jury evidence display system. At present, the parties have not agreed upon any stipulations regarding use of electronic evidence but will address this issue again in the joint pretrial order.

/ / /

/ / /

/ / /

/ / /

/ / /

**J.     Privileged or Protected Documents.**

The parties agree to be bound by Fed. R. Evid. 502 regarding the disclosure of privileged material or work product. Further, the parties acknowledge and agree that, while each is taking reasonable steps to identify and prevent disclosure of any document they believe is privileged, there is a possibility that certain privileged material may be produced inadvertently. Accordingly, the parties agree that a party who produces a document protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other recognized privilege ("privileged document") without intending to waive the claim of privilege associated with such document may promptly notify the requesting party that such document was inadvertently produced and should have been withheld. Once the producing party provides such notice to the requesting party, the requesting party must promptly return or destroy the specified document(s) and any copies thereof. By complying with this obligation, the requesting party does not waive any right to challenge the assertion of privilege and request an order of the Court denying such privilege.

Defendant will circulate a Stipulated Protective Order for Plaintiff to review.

**K.     Consent to Service by Electronic Means through Electronic Mail**

The undersigned, on behalf of Plaintiff and Defendant, hereby consent to service of documents by electronic means via electronic mail and/or by U.S. Mail. Documents served by electronic means must be transmitted to the following persons at the e-mail address below:

- Plaintiff's attorneys: Jennifer A. Fornetti, Valerie S. Christian, Joseph P. Waldman, and Mark J. Bourassa of The Bourassa Law Group
    - E-Service Address:
      
      jfornetti@blgwins.com,    vchristian@blgwins.com,    jwaldman@blgwins.com, mbourassa@blgwins.com, kvandermiller@blgwins.com

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

- Defendant's attorneys: Christine E. Reinhard and Lauren C. Howell of Schmoyer Reinhard LLP and Kathryn C. Neman of Ogletree Deakins, Nash, Smoak & Stewart, P.C.
    - E-Service Address:
      creinhard@sr-llp.com, lhowell@sr-llp.com, duhl@sr-llp.com, jcleveland@sr-llp.com, kathryn.newman@ogletreedeakins.com, susan.owens@ogletree.com

DATED this 26th day of February 2025.

| THE BOURASSA LAW GROUP | SCHMOYER REINHARD LLP |
|---|---|
| By: */s/ Joseph P. Waldman*<br>MARK J. BOURASSA, ESQ. (NBN 7999)<br>JENNIFER A. FORNETTI, ESQ. (NBN 7644)<br>VALERIE S. CHRISTIAN, ESQ. (NBN 14716)<br>JOSEPH P. WALDMAN, ESQ (NBN 17010)<br>2350 W. Charleston Blvd., Suite 100<br>Las Vegas, Nevada 89102<br>*Attorneys for Plaintiff* | By: */s/ Christine E. Reinhard*<br>CHRISTINE E REINHARD, ESQ.<br>LAUREN C HOWELL, ESQ.<br>8000 IH 10 West, Suite 1600<br>San Antonio, Texas 78230<br>Phone: (210) 447-8033<br>Fax: (210) 447-8036<br>*Attorneys for Defendant* |

IT IS SO ORDERED:

_____

UNITED STATES DISTRICT/MAGISTRATE JUDGE

DATED: 2-27-25 _____

CASE NO.: 2:25-cv-00151-APG-MDC

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of The Bourassa Law Group, and that on this date I caused to be served a true copy of **STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER** on all parties to this action by the method(s) indicated below:

  X    by using the Court's CM/ECF Electronic Notification System which will send notification of such filing to the email addresses registered in CM/ECF system as denoted on the Electronic Mail Notice List.

DATED: This 26th day of February, 2025.

*/s/ Kylie B. VanderMiller*
Employee of The Bourassa Law Group

1