MARK J. BOURASSA, ESQ. (NBN 7999)
JENNIFER A. FORNETTI, ESQ. (NBN 7644)
VALERIE S. CHRISTIAN, ESQ. (NBN 14716)
JOSEPH P. WALDMAN, ESQ. (NBN 17010)
**THE BOURASSA LAW GROUP**
2350 W. Charleston Blvd., Suite 100
Las Vegas, Nevada 89102
Telephone:   (702) 851-2180
Facsimile:   (702) 851-2189
Email:      *mbourassa@blgwins.com*
            *jfornetti@blgwins.com*
            *vchristian@blgwins.com*
            *jwaldman@blgwins.com*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| MYA MONTGOMERY, an individual, | Case No.: 2:25-cv-00151-APG-MDC |
| Plaintiff, | |
| vs. | **STIPULATION AND ORDER TO EXTEND DISCOVERY** |
| UNITED PARCEL SERVICE, INC a foreign Delaware Corporation, DOES 1-20, inclusive, | **(FIRST REQUEST)** |
| Defendant. | |

Pursuant to Federal Rule of Civil Procedure 26(f), and District of Nevada Civil Local Rules, 6-1 and 26-3 and for good cause described herein, the parties, Plaintiff Mya Montgomery and Defendant United Parcel Service (Ohio) ("Defendant") by and through their respective counsel of record, hereby request this Court to adopt and approve this stipulated extension to the discovery plan, and continue the discovery deadlines for 90 days as requested herein:

/ / /

/ / /

/ / /

/ / /

/ / /

1

## I.    <u>LOCAL RULE 6-1 IS SATISFIED</u>

This is the first request for an extension of discovery deadlines filed by the parties. Pursuant to the Order dated February 26, 2025, (ECF No 20), the following dates govern for purposes of discovery:

1.  Discovery Cutoff Date:                                July 23, 2025

2.  Motions to amend pleadings and add parties:          No extension

3.  Expert Designations:                                 No extension

4.  Rebuttal Expert Designations:                        No extension

5.  Dispositive Motions:                                 August 22, 2025

6.  Joint Pre-Trial Order:                               September 22, 2025 (next day)

The parties have been diligently pursing discovery on all aspects of the case and are working in good faith to reach an amicable resolution. However, the parties needed additional time to gather responsive documents to the first sets of written discovery and provided mutual extensions. The parties have been working to resolve language on a pending Stipulated Protective Order in order to resolve this privately without this Court's intervention. This has further delayed discovery, as Defendant has additional disclosures once the Protective Order is entered.

Defendant's counsel has had travel conflicts as well as family emergencies that have delayed discovery in this matter and the parties have provided each other further extensions on responses and agree to an extension on discovery

Once the Protective Order is entered, Defendant will still be producing additional documents to Plaintiff. Upon the production of these documents, Plaintiff will have to review the documents to prepare for a FRCP 30(b)(6) deposition of Defendant, as well as of any additional fact witnesses that may be identified in these disclosures. Plaintiff also anticipates that further written discovery will have to be performed upon reviewing these documents.

Defendant's counsel is also searching for additional documents responsive to Plaintiff's requests for production and the parties are attempting to solve discovery disputes relating to production of documents internally without the Court's intervention.

/ / /

Therefore, the parties stipulate to and respectfully request a 90-day extension on discovery deadlines.

The instant request comports with Local Rule 6-1, in that no request is being made after the expiration of the specified period.

## II.    LOCAL RULE 26-3 IS SATISFIED

The instant request to extend discovery deadlines satisfies the requisites of Local Rule 26-3. This request is made more than 21 days from the subject deadline and is supported by a showing of good cause.

The parties agree that the extension requested is made in good faith and will allow for the additional fact discovery to be completed before the upcoming proposed deadlines. As a result, the parties have requested the remaining discovery deadlines be extended 90 days.

**Discovery Completed:**

| DISCOVERY | DATE SERVED |
|---|---|
| Plaintiff's Initial Disclosures | February 24, 2025 |
| Defendant's Initial Disclosures | February 24, 2025 |
| Plaintiff's First Set of Requests for Admission to UNITED PARCEL SERVICE, INC. | March 28, 2025 |
| Plaintiff's First Set of Requests for Production to UNITED PARCEL SERVICE, INC. | March 28, 2025 |
| Plaintiff's First Set of Interrogatories to UNITED PARCEL SERVICE, INC. | March 28, 2025 |
| UNITED PARCEL SERVICE'S First Set of Interrogatories and Requests for Production to Plaintiff | March 28, 2025 |
| UNITED PARCEL SERVICE'S Response to Plaintiff's First Set of Requests for Admission | May 28, 2025 |
| UNITED PARCEL SERVICE'S Response to Plaintiff's First Set of Requests for Production | May 28, 2025 |
| UNITED PARCEL SERVICE'S Response to Plaintiff's First Set of Requests of Interrogatories | May 28, 2025 |
| Plaintiff's Response to UNITED PARCEL SERVICE'S First Set of Interrogatories and Requests for Production to Plaintiff | May 28, 2025 |

/ / /

/ / /

The parties have also conducted several meet and confers, and exchanged dozens of emails regarding Defendant's answers to the requests for production and the terms of the protective order. The parties are working diligently to resolve their discovery disputes; however, this has delayed further discovery and production of documents.

**Discovery Remaining:**

1.  The parties are finalizing the terms of the Stipulated Protective Order;

2.  Defendant will provide additional documentation once a Protective Order is entered;

3.  Defendant is working to find additional responsive documents to Plaintiff's Requests for Production;

4.  Plaintiff anticipates further written discovery will be necessary following the review of the additional documents;

5.  Plaintiff intends to take a FRCP 30(b)(6) deposition of defendant; and

6.  Both parties intend to depose key witnesses.

**Proposed Schedule for Completing All Remaining Discovery:**

Finally, under Local Rule 26(4), it is necessary to articulate a proposed schedule for completing all remaining discovery. The parties are requesting an additional 90 days be afforded for discovery.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

The following deadlines are requested.

1.  Discovery Cutoff Date:                             October 21, 2025

2.  Motions to amend pleadings and add parties:       No Extension

3.  Expert Designations:                              No extension

4.  Rebuttal Expert Designations:                     No extension

5.  Dispositive Motions:                              November 20, 2025

6.  Joint Pre-Trial Order:                            December 22, 2025 (next day)


DATED this 2nd day of July 2025              DATED this 2nd day of July 2025

**THE BOURASSA LAW GROUP**                   **SCHMOYER REINHARD LLP**

By: */s/ Joseph P. Waldman*                  By:  _/s/ *Lauren C. Howell*
MARK J. BOURASSA, ESQ. (NBN 7999)            Kathryn C. Newman
JENNIFER A. FORNETTI, ESQ. (NBN 7644)        Nevada Bar No. 13733
VALERIE S. CHRISTIAN, ESQ. (NBN 14716)       10801 W. Charleston Blvd., Suite 500
JOSEPH P. WALDMAN, ESQ. (NBN 17010)          Las Vegas, NV 89135
2350 W Charleston Blvd, Suite 100            -and-
Las Vegas, Nevada 89102                      Christine E. Reinhard (*Pro Hac Vice*)
                                             Texas State Bar No. 24013389
                                             creinhard@sr-llp.com
*Attorneys for Plaintiff*                    Lauren C. Howell (*Pro Hac Vice*)
                                             Texas State Bar No. 24125286
                                             lhowell@sr-llp.com
                                             8000 IH 10 West, Suite 1600
                                             San Antonio, Texas 78230
                                             Phone: (210) 447-8033
                                             Fax: (210) 447-8036
                                             *Attorneys for Defendant*

**IT IS SO ORDERED: If dispositive
motions are filed, the deadline for
filing the joint pretrial order will be
suspended until 30 days after
decision on the dispositive motions or
further court order. The disclosures
required by Fed. R. Civ. P. 26(a)(3)
and any objections to them must be
included in the joint pretrial order.**

_____
UNITED STATES MAGISTRATE JUDGE

DATED:  7-3-25

CASE NO.:  2:24-cv-01561-RFB-MDC

-5-

1

## **CERTIFICATE OF SERVICE**

2

3

Pursuant to FRCP 5(b), I certify that I am an employee of The Bourassa Law Group, and that on this date I caused to be served a true copy of **STIPULATION AND ORDER TO EXTEND DISCOVERY** on all parties to this action by the method(s) indicated below:

4

5

  X    by using the Court's CM/ECF Electronic Notification System which will send notification of such filing to the email addresses registered in CM/ECF system as denoted on the Electronic Mail Notice List.

6

7

8

DATED:  This 2nd day of July, 2025.

9

10
       _/s/ Joseph P. Waldman_
       Employee of The Bourassa Law Group

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28