Kathryn C. Newman
Nevada Bar No. 13733
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
10801 W. Charleston Blvd., Suite 500
Las Vegas, NV 89135
Telephone: 702.369.6800
Fax: 702.369.6888
kate.newman@ogletreedeakins.com

Christine E. Reinhard (*Pro Hac Vice*)
Texas State Bar No. 24013389
Lauren C. Howell (*Pro Hac Vice*)
Texas State Bar No. 24125286
SCHMOYER REINHARD LLP
8000 IH 10 West, Suite 1600
San Antonio, Texas 78230
Phone: (210) 447-8033
Fax: (210) 447-8036
creinhard@sr-llp.com
lhowell@sr-llp.com

*Attorneys for Defendant United Parcel Service, Inc. (Ohio)*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| MYA MONTGOMERY,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED PARCEL SERVICE, INC., a Foreign Delaware Corporation; and DOES 1-20, Inclusive,<br><br>Defendants. | Case No.: 2:25-cv-00151-APG-MDC<br><br>**STIPULATED PROTECTIVE ORDER CONCERNING CONFIDENTIAL INFORMATION** |

Plaintiff Mya Montgomery ("Plaintiff") and Defendant United Parcel Service, Inc. (Ohio) ("UPS"), by and through undersigned counsel, hereby request that this Court enter the following Stipulated Protective Order Concerning Confidential Information ("Protective Order"). This Stipulation is brought pursuant to and in compliance with Fed. R. Civ. P. 26(c), LR IA 6-2 and LR 7-1.



Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

This matter comes before the Court on the parties' Protective Order. Being fully appraised of the premises, the Court orders the following:

## I. PURPOSES AND LIMITATIONS OF "CONFIDENTIAL" MATERIALS

Discovery in this action may involve the production of confidential or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to entry of the following Protective Order. The Protective Order does not confer blanket protection on all disclosures or responses to discovery. The protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles and it does not presumptively entitle parties to file confidential information under seal.

The Protective Order shall apply to documents, materials and information designated as "Confidential" as described below, that a party to this litigation has produced or may produce, which that party in good faith believes contains confidential or proprietary and business, personnel or financial information, or private or confidential medical information, of any party or non-party, including, but not limited to, personal health information protected by HIPAA (collectively "Information"). Except as otherwise provided by this Order, legal principles and/or Local Rules, this Order does not include documents contained in Plaintiff's employee/personnel file(s).

Nothing herein shall be deemed to restrict the right of the party making a confidential designation from using that Information as it chooses. By entering into this Protective Order, the parties do not waive any right to object to any discovery request, to the admission of evidence on any other ground, to seek further protective order, or to seek relief from the Court from any provision of the Protective Order.

## II. SCOPE

The protections conferred in this Protective Order cover not only confidential material (as defined above), but also (1) any Information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, or presentations by parties or their counsel that disclose any designated confidential material.

/ / /

However, the protections conferred by this Protective Order do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

## III. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

### A. Basic Principles

A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. Confidential material must be stored and maintained by the receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

### B. Disclosure of "CONFIDENTIAL" Material

Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

1. attorneys actively working on this case;
2. persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;
3. the parties, including designated representatives for the Defendants;
4. expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;
5. the Court and its employees ("Court Personnel"); and the jury, subject to admissibility;
6. stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;
7. deponents, witnesses, or potential witnesses; and
8. other persons by written agreement of the parties.

/ / /

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

C. **Filing Confidential Material**

The parties recognize that designating Information as confidential is not sufficient grounds for that document to be filed under seal in connection with either a non-dispositive or dispositive motion. The parties further acknowledge that the dispositive or non-dispositive label applied to a motion is not determinative of which standard applies; rather, the relevant inquiry is whether the motion is more than tangentially related to the merits of the case. Specifically, where the information is attached to a motion that is more than tangentially related to the merits of the case, the party seeking to seal the information must meet the "compelling reasons" standard. Where the information is attached to a motion that is not more than tangentially related to the merits, the less exacting "good cause" standard may apply. To establish good cause, the party seeking protection must show that specific prejudice or harm will result if the information is not sealed.

If the sole ground for a motion to seal is that the opposing party has designated a document subject to protection pursuant this Protective Order, the designator shall file (within seven days of the filing of the motion to seal) either (1) a declaration establishing sufficient justification for sealing each document at issue or (2) a notice of withdrawal of the designation(s) and consent to unsealing. If neither filing is made, the Court may order the document(s) unsealed without further notice.

IV. **DESIGNATING CONFIDENTIAL MATERIAL**.

A. **Exercise of Restraint and Care in Designating Material for Protection**

Each party that designates Information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

/ / /

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) may expose the designating party to sanctions.

If it comes to a designating party's attention that Information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

**B. Designation of Previously Produced Documents and Testimony as Confidential**

In light of the procedural posture of this case and the discovery that has taken place, the parties agree that within thirty (30) days of the Court approving of and granting this Protective Order, each party will designate what it believes, in good faith, to be confidential by identifying the documents that contain confidential Information by bates number. If a party seeks to designate the deposition testimony of witnesses who have previously testified as confidential, provided there is a transcript for that witness's testimony as of the date of this Protective Order, then the party desiring to designate any such testimony as confidential will do so by identifying the witness, and the page(s) and line(s) the designating party believes in good faith to contain confidential Information.

**C. Manner and Timing of Future Designations**

Except as otherwise provided in this Protective Order, or as otherwise stipulated or ordered, disclosure of discovery material that qualifies for protection under this Protective Order must be clearly so designated before or when the material is disclosed or produced.

1. For Information in documentary form (e.g., paper or electronic documents and deposition exhibits), but excluding transcripts of depositions or other pretrial or trial proceedings, the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion of the material on a page qualifies for protection, the producing party also must clearly identify the protected portions(s) (e.g., by making appropriate markings in the margins).

2. Oral testimony may be designated as "CONFIDENTIAL" during the deposition or proceeding, with reasonable precision as to the affected testimony, or within fifteen (15) business days after receipt of the transcript of such deposition or proceeding by

/ / /

sending written notice of the designation, and identifying by page and line, the portions of the transcript of the deposition or other testimony to be treated as "CONFIDENTIAL".

3. Other tangible items: The producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

**D. Inadvertent Failures to Designate**

If corrected within ten (10) business days, an inadvertent failure to designate qualified Information or items does not, standing alone, waive the designating party's right to secure protection under this Protective Order for such material. Upon notification within ten (10) business days of the correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Protective Order.

**E. No Implied Acknowledgment of Confidentiality**

Compliance with the terms of this Protective Order, production or receipt of Information designated "CONFIDENTIAL" and/or allowing Information to be designated "CONFIDENTIAL" shall not in any way operate as an admission by the non-designating party that any particular Information is "CONFIDENTIAL". Failure to challenge the designation of Information as "CONFIDENTIAL" does not preclude a subsequent challenge. The designation of Information as "CONFIDENTIAL" does not create a presumption in favor of or against that designation.

**V. CHALLENGING CONFIDENTIAL DESIGNATIONS**

Either party may challenge at any time the propriety of a designation or Information as "CONFIDENTIAL". Before seeking relief from the Court, the parties shall attempt to resolve the dispute informally and in good faith. The parties will meet and confer, either in person, or telephonically, and endeavor to resolve any issues related to the designation of Information are as "CONFIDENTIAL" within thirty (30) days of the documents being designated as "CONFIDENTIAL". To the extent the parties are unable to informally and in good faith resolve their differences, within 7 days of the unsuccessful meet-and-confer, the designating party must



Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

follow the discovery dispute procedures pursuant to the Standing Order & Chambers Practices of United States Magistrate Judge Maximiliano D. Couvillier III. *See* ECF No. 7. The burden of persuasion in any such filing shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as "CONFIDENTIAL" until the court rules on the challenge.

**A. Conclusion of Proceedings**

Following the termination of this litigation by final judgment, settlement or otherwise (including appeals), the parties agree to maintain Information subject to this Protective Order as "CONFIDENTIAL" and consistent with their respective firms' client file and document retention requirements.

**IT IS SO ORDERED:** Any documents initially filed under seal must be accompanied by a separate motion to seal per LR IA 10-5.

UNITED STATES MAGISTRATE JUDGE

DATED: 7-21-25

DATED this 14th day of July 2025.

**THE BOURASSA LAW GROUP**

By: /s/ *Joseph P. Waldman*
MARK J. BOURASSA, ESQ. (NBN 7999)
JENNIFER A. FORNETTI, ESQ. (NBN 7644)
VALERIE S. CHRISTIAN, ESQ. (NBN 14716)
JOSEPH P. WALDMAN, ESQ (NBN 17010)
2350 W. Charleston Blvd., Suite 100
Las Vegas, Nevada 89102
*Attorneys for Plaintiff*

DATED this 14th day of July 2025.

**SCHMOYER REINHARD LLP**

By: /s/ *Lauren C. Howell*
Kathryn C. Newman
Nevada Bar No. 13733
10801 W. Charleston Blvd., Suite 500
Las Vegas, NV 89135

*-and-*

Christine E. Reinhard (*Pro Hac Vice*)
Texas State Bar No. 24013389
creinhard@sr-llp.com
Lauren C. Howell (*Pro Hac Vice*)
Texas State Bar No. 24125286
lhowell@sr-llp.com



Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

8000 IH 10 West, Suite 1600
San Antonio, Texas 78230
Phone: (210) 447-8033
Fax: (210) 447-8036
*Attorneys for Defendant*

(

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.