MARK J. BOURASSA, ESQ. (NBN 7999)
JENNIFER A. FORNETTI, ESQ. (NBN 7644)
VALERIE S. CHRISTIAN, ESQ. (NBN 14716)
JOSEPH P. WALDMAN, ESQ. (NBN 17010)
**THE BOURASSA LAW GROUP**
2350 W. Charleston Blvd., Suite 100
Las Vegas, Nevada 89102
Telephone: (702) 851-2180
Facsimile: (702) 851-2189
Email: *mbourassa@blgwins.com*
*jfornetti@blgwins.com*
*vchristian@blgwins.com*
*jwaldman@blgwins.com*
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**
***

MYA MONTGOMERY, an individual,

Plaintiff,

vs.

UNITED PARCEL SERVICE, INC., a foreign Delaware corporation, and DOES 1 – 20 Inclusive.
Defendants

Case No.: 2:25-cv-00151-APG-MDC

**MOTION TO WITHDRAW AS COUNSEL OF RECORD**

The Bourassa Law Group, pursuant to Local Rule IA 11-6 and Nevada Rules of Professional Conduct Rule 1.16, moves to withdraw as counsel of record for Plaintiff Mya Montgomery.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

The motion is made based upon the attached Memorandum of Points and Authorities, all pleadings and papers herein, and any hearing the Court may deem necessary.

DATED this 22nd day of July 2025.

**THE BOURASSA LAW GROUP**

By: */s/ Joseph P. Waldman*
MARK J. BOURASSA, ESQ. (NBN 7999)
JENNIFER A. FORNETTI, ESQ. (7644)
VALERIE S. CHRISTIAN, ESQ. (NBN 14716)
JOSEPH P. WALDMAN, ESQ. (NBN 17010)
2350 W Charleston Blvd., Suite 100
Las Vegas, Nevada 89102

*Attorneys for Plaintiff*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Bourassa Law Group represents Mya Montgomery (hereinafter "Plaintiff") in an ongoing civil dispute regarding her employment with United Parcel Service, Inc. To date, the claims have not been resolved. Good cause exists for withdrawal due to irreconcilable differences between counsel and Plaintiff.

The Bourassa Law Group has notified Plaintiff that it seeks to withdraw from representation pursuant to Rule 1.16 of the Nevada Rules of Professional Conduct ("NRPC") and Local Rule IA 11-6. Plaintiff has not, as of the date of filing of this motion, retained substitute counsel. There are currently no pending motions in front of this Court.

## II. CERTIFICATION OF CONFERRAL

The Bourassa Law Group has conferred with Defendant's counsel, and they do not oppose the relief requested herein. The Bourassa Law Group has also notified Plaintiff verbally and in writing that they intend to move to withdraw as counsel of record. Plaintiff will be served a copy of this Motion and notified of her rights under LR IA 11-6.

## III. LEGAL STANDARD

NRPC 1.16 provides, in pertinent part, as follows:

> (b) Except as stated in paragraph (c), a lawyer may withdraw from representing a client if:
>
> …
>
> (4) The client insists upon taking action that the lawyer considers repugnant or with which the lawyer has fundamental disagreement.
>
> …
>
> (6) The representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client.
>
> …
>
> (d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

/ / /

/ / /

## IV. LEGAL ARGUMENT

### a. Continued Representation has Become Unreasonably Difficult and Burdensome

Despite efforts to preserve the attorney-client relationship, irreconcilable differences have developed between counsel and Plaintiff. The Bourassa Law Group can no longer represent Plaintiff in a manner consistent with its professional and ethical obligations.

In particular, Plaintiff and counsel of record have developed a fundamental disagreement about the future actions to take in this matter and the further prosecution of this case. The Bourassa Law Group has effectively represented Plaintiff to this point, but such representation is no longer feasible due to a fundamental disagreement between Plaintiff and counsel. Nevertheless, counsel will continue to take all necessary steps, to enable a smooth transition of this matter to new counsel and to enable the reasonable protection of Plaintiff's interests.

### b. Withdrawal Can be Accomplished Without Material Adverse Effect on the Client

In further support of this request, allowing The Bourassa Law Group to withdraw as counsel will not have a materially adverse effect on the Plaintiff's case, will not result in an injustice to Plaintiff, and will not prejudice Plaintiff. There are no pending motions at the time of signing this motion and, pursuant to this Court's July 3, 2025, Order (ECF No. 23), discovery does not end until October 21, 2025, three (3) months from the filing of this motion. Plaintiff has sufficient time to retain new counsel to represent her in this matter.

The Bourassa Law Group is prepared to provide the newly appointed attorney with any documentation he or she requires to embark on representing Plaintiff in accordance with NRPC 1.16(d), as well as to surrender any documents or fees to which the Plaintiff may be entitled. NRPC 1.16(d).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**V. CONCLUSION**

Based on the foregoing, counsel of record for Plaintiff respectfully requests the Court to grant the Motion to Withdraw as Counsel of Record.

DATED this 22nd day of July 2025.

**THE BOURASSA LAW GROUP**

By: */s/ Joseph P. Waldman*
MARK J. BOURASSA, ESQ. (NBN 7999)
JENNIFER A. FORNETTI, ESQ. (NBN 7644)
VALERIE S. CHRISTIAN, ESQ. (NBN 14716)
JOSEPH P. WALDMAN, ESQ. (NBN 17010)
2350 W. Charleston Blvd., Suite 100
Las Vegas, Nevada 89102

*Attorneys for Plaintiff*

IT IS SO ORDERED.

Hon. Maximiliano D. Couvillier III
United States Magistrate Judge
Dated: 8-13-25

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of The Bourassa Law Group, and that on this date I caused to be served a true copy of **MOTION TO WITHDRAW AS COUNSEL OF RECORD** on all parties to this action by the method(s) indicated below:

_X__ by using the Court's CM/ECF Electronic Notification System which will send notification of such filing to the email addresses registered in CM/ECF system as denoted on the Electronic Mail Notice List.

_X__ by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid to Plaintiff at the address below, in the United States mail at Las Vegas, Nevada. I am "readily familiar" with the firm's practice of collection and processing correspondence by mailing. Under that practice, it would be deposited with the U.S. postal service on that same day with postage fully prepaid at Las Vegas, Nevada in the ordinary course of business.

X__ via e-mail addressed to:

Mya Montgomery
5516 Heron Ave
Las Vegas, NV 89107
msmontgomery08@gmail.com
*Plaintiff*

DATED: This 22nd day of July, 2025.

*/s/ Kylie Vandermiller*
Employee of The Bourassa Law Group