Kathryn C. Newman
Nevada Bar No. 13733
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
10801 W. Charleston Blvd., Suite 500
Las Vegas, NV 89135
Telephone: 702.369.6800
Fax: 702.369.6888
kate.newman@ogletreedeakins.com

Christine E. Reinhard (*Pro Hac Vice*)
Texas State Bar No. 24013389
Lauren C. Howell (*Pro Hac Vice*)
Texas State Bar No. 24125286
SCHMOYER REINHARD LLP
8000 IH 10 West, Suite 1600
San Antonio, Texas 78230
Phone: (210) 447-8033
Fax: (210) 447-8036
creinhard@sr-llp.com
lhowell@sr-llp.com

*Attorneys for Defendant United Parcel Service, Inc. (Ohio)*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| MYA MONTGOMERY, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED PARCEL SERVICE, INC., a foreign Delaware Corporation, DOES 1-20, inclusive,<br><br>Defendant. | Case No.: 2:25-cv-00151-APG-MDC<br><br>**DEFENDANT'S PROPOSED ORDER TO EXTEND DISCOVERY**<br><br>**(SECOND REQUEST)** |

Pursuant to Federal Rule of Civil Procedure 26(f), and District of Nevada Civil Local Rules, 6-1 and 26-3 and for good cause described herein, Defendant United Parcel Service (Ohio) ("Defendant"), by and through its counsel of record, hereby requests this Court to adopt and approve this proposed extension to the discovery plan, and continue the discovery, dispositive motion, and joint pre-trial order deadlines for 30 days as requested herein:

## I.  LOCAL RULE 6-1 IS SATISFIED

This is the second request for an extension of discovery deadlines filed by the parties. Pursuant to the Order dated July 7, 2025, (ECF No. 22), the following dates govern for purposes of discovery:

1. Discovery Cutoff Date:          October 21, 2025
2. Dispositive Motions:            November 20, 2025
3. Joint Pre-Trial Order:          December 22, 2025

Defendant has been diligently pursuing discovery on all aspects of the case. After exchanging written discovery and multiple volumes of document production, Defendant sought Plaintiff's deposition. Defendant requested Plaintiff's deposition multiple times, both through her prior counsel of record and following her prior counsel's withdrawal motion on July 22, 2025. Having not received any availability from Plaintiff for a protracted period despite multiple attempts, Defendant proceeded to notice Plaintiff's deposition unilaterally.

Defendant served its Notice to Take Oral and Videotaped Deposition of Plaintiff via Zoom on September 17, 2025, which set her deposition for October 9, 2025. This Notice was sent via certified mail, regular mail, and email. Defendant also provided Plaintiff notifications of and reminders for the deposition on October 6, 2025 and October 8, 2025. Defendant never received a notice from Plaintiff that she was still seeking counsel and that October 9, 2025 might not work for any reason, that is until less than an hour before Plaintiff's scheduled deposition.

Both parties accordingly appeared via Zoom on October 9, 2025 and proceeded briefly. However, Plaintiff, representing herself pro se at this juncture, explained on the record that she has had a family emergency and has not had time to retain new counsel since her prior counsel's Motion to Withdraw on July 22, 2025. As a result, Plaintiff requested additional time to seek to retain new counsel of record before moving forward with her deposition. She stated on the record that she will provide notification to Defendant's counsel within the next two weeks (or by October 23, 2025), as to whether she has been able to retain counsel. Whether or not she ultimately retains counsel, she also attested she will provide dates within two weeks thereafter (by November 6, 2025) as to her availability to move forward with a continued installment of her deposition.

/ / /

Therefore, Defendant respectfully requests a 30-day extension of the remaining discovery, dispositive motion, and joint pre-trial order deadlines.

The instant request comports with Local Rule 6-1, in that—although the request is being made after the expiration of the specified period—there is good cause to do so as the extension request was unforeseeable given Plaintiff's family emergency.

## II.   LOCAL RULE 26-3 IS SATISFIED

The instant request to extend the remaining deadlines satisfies the requisites of Local Rule 26-3. This request, although made less than 21 days from the subject deadline, is supported by a showing of good cause. Plaintiff's family emergency was unforeseeable and unavoidable, and she respectfully requested a brief extension, which Defendant was willing to accommodate.

Defendant asserts that the request is made in good faith and will allow for Plaintiff's deposition to be completed before the upcoming proposed deadlines. As a result, Defendant has requested the remaining deadlines be extended by 30 days.

**Discovery Completed:**

| DISCOVERY | DATE SERVED |
|---|---|
| Plaintiff's Initial Disclosures | February 24, 2025 |
| Defendant's Initial Disclosures | February 24, 2025 |
| Plaintiff's First Set of Requests for Admission to UNITED PARCEL SERVICE, INC. | March 28, 2025 |
| Plaintiff's First Set of Requests for Production to UNITED PARCEL SERVICE, INC. | March 28, 2025 |
| Plaintiff's First Set of Interrogatories to UNITED PARCEL SERVICE, INC. | March 28, 2025 |
| UNITED PARCEL SERVICE'S First Set of Interrogatories and Requests for Production to Plaintiff | March 28, 2025 |
| UNITED PARCEL SERVICE'S Response to Plaintiff's First Set of Requests for Admission | May 28, 2025 |
| UNITED PARCEL SERVICE'S Response to Plaintiff's First Set of Requests for Production | May 28, 2025 |
| UNITED PARCEL SERVICE'S Response to Plaintiff's First Set of Requests of Interrogatories | May 28, 2025 |

| | |
|---|---|
| Plaintiff's Response to UNITED PARCEL SERVICE'S First Set of Interrogatories and Requests for Production to Plaintiff | May 28, 2025 |
| Plaintiff's First Supplemental Disclosure of Documents and Witnesses Pursuant to F.R.C.P. 26(a)(1) | May 28, 2025 |

The parties have also exchanged multiple volumes of document production each, including on February 24, 2025, May 22, 2025, May 28, 2025, July 11, 2025, July 17, 2025. The parties previously also conducted several meet and confers, and they exchanged multiple letters, emails, phone calls, and text messages in order to set Plaintiff's deposition.

**Discovery Remaining:**

1. Plaintiff's deposition.

**Proposed Schedule for Completing All Remaining Discovery:**

Finally, under Local Rule 26(4), it is necessary to articulate a proposed schedule for completing all remaining discovery. The parties are requesting an additional 30 days be afforded for discovery.

The following deadlines are requested.

1. Discovery Cutoff Date:            November 20, 2025
2. Dispositive Motions:              December 22, 2025 (next day)
3. Joint Pre-Trial Order:            January 21, 2026

**IT IS SO ORDERED:**
Defendant has shown good cause for the requested extension. Additionally, the plaintiff did not oppose the motion, which the court construes as plaintiff's consent to granting the motion per LR 7-2(d). That rule states: "The failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion. The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion

_____
UNITED STATES MAGISTRATE JUDGE
11/5/25

CASE NO.: 2:24-cv-01561-RFB-MDC

-4-

DATED this 17th day of October 2025.

**SCHMOYER REINHARD LLP**

By: /s/ *Lauren C. Howell*
Kathryn C. Newman
Nevada Bar No. 13733
10801 W. Charleston Blvd., Suite 500
Las Vegas, NV 89135

*- and -*

Christine E. Reinhard (*Pro Hac Vice*)
Texas State Bar No. 24013389
creinhard@sr-llp.com
Lauren C. Howell (*Pro Hac Vice*)
Texas State Bar No. 24125286
lhowell@sr-llp.com
8000 IH 10 West, Suite 1600
San Antonio, Texas 78230
Phone: (210) 447-8033
Fax: (210) 447-8036

*Attorneys for Defendant*

## CERTIFICATE OF CONFERENCE

I, Lauren C. Howell, certify that I conferred with Plaintiff regarding a jointly submitted Stipulated Agreed Order to Extend Discovery. Following her deposition, I communicated with Plaintiff multiple times in an attempt to obtain Plaintiff's agreement and file this submission jointly. On October 17, 2025, however, Plaintiff stated for the first time that she would be unable to agree to the Stipulated Agreed Order to Extend Discovery. Despite multiple subsequent exchanges with Plaintiff, Defendant's Counsel is still unclear as to why Plaintiff will not stipulate to extend discovery in this motion, and Plaintiff has not provided any proposed changes that would render it agreeable to her.

/s/ *Lauren C. Howell*
Lauren C. Howell

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically transmitted the foregoing **DEFENDANT'S PROPOSED ORDER TO EXTEND DISCOVERY (SECOND REQUEST)** to the Clerk's Office using the CM/ECF System for filing, as well as to pro se Plaintiff via regular mail, e-mail, and certified mail, return receipt requested:

Mya Montgomery
5516 Heron Avenue
Las Vegas, Nevada 89107
Tel: (916) 829-6313
MsMontgomery08@gmail.com

DATED this 17th day of October 2025.

/s/ Lauren C. Howell
Lauren C. Howell